NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2662
_____

AARON MCCOY,

Appellant

v.

DETECTIVE KEENYA TAYLOR, BADGE NUMBER 9193;
DETECTIVE JOSEPH JENKINS, BADGE NUMBER 8074;
PHILADELPHIA POLICE PERSONNEL, JOHN AND/OR JANE DOE (1-5)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court Civil No. 2-18-cv-04123)
District Judge:  Honorable Timothy J. Savage

Submitted Under Third Circuit L.A.R. 34.1(a)
May 22, 2020

BEFORE:  McKEE, BIBAS, and NYGAARD, *Circuit Judges*

(Filed: July 10, 2020)
_____

OPINION*
_____

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

NYGAARD, *Circuit Judge.*

Aaron McCoy appeals from the District Court's grant of summary judgment in favor of Keenya Taylor, a detective in the Philadelphia Police Department. McCoy claims that Taylor engaged in malicious prosecution by arresting him without probable cause.[1] We will affirm.[2]

In January 2014, L.H. appeared at a police station alleging that McCoy raped her. Detective Taylor interviewed her and, afterward, L.H. identified McCoy from photographs. She then submitted to another interview at the Philadelphia Sexual Assault Response Center and had a physical examination. Approximately two months later, Taylor prepared an affidavit of probable cause to arrest McCoy on charges of rape, indecent deviant sexual intercourse, sexual assault, unlawful restraint, indecent assault, simple assault, recklessly endangering another person, and false imprisonment. A magistrate issued the warrant and McCoy turned himself in. L.H. testified at a preliminary hearing, but later failed to appear at trial. At the request of the District Attorney, the court dismissed the case and released McCoy from custody.

---

[1] McCoy's complaint brought one state common law claim of malicious prosecution and one claim pursuant to 42 U.S.C. § 1983. In both claims this appeal focuses on the same question of probable cause to arrest.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. We apply the same summary judgment standard as the District Court. *See Dempsey v. Bucknell Univ.*, 834 F.3d 457, 467 (3d Cir. 2016).

At summary judgment, after reviewing McCoy's assertions about problems with inaccuracies and omissions in the affidavit that Taylor drafted, the District Court reconstructed it as follows.[3]

> The Complainant a twenty-one year old female stated the following in summary to the assigned on 1-27-2014 inside the Special Victims Unit. The Complainant stated that on 1-26-2014 she was inside 234 Widener Street (Phila. Pa.) with her live-in boyfriend Aaron Mccoy (Offender). The Complainant stated that she and the Offender was [sic] in bed togeather [sic] when the Offender asked her to engage in sex with her [sic]. The Complainant told the Offender "No". The Offender then grabbed the Complainant and forced her to engage in oral and vaginal sex with him against her will. ~~The Complainant then told the Assigned that after the assault the Offender fell asleep, and the Complainant left the residence and the police were notified.~~ **She told the Assigned that her ankle had to be wrapped and her back and neck were also injured, but the forensic examiner found no signs of injuries.** The Complainant also told the Assigned that she is pregnant and the Offender is the father of her unborn child. **The Complainant told the forensic examiner that she became pregnant in October 2013, but she also reported that her last period was in November 2013 and that she last had sex, anally and with a condom, in September 2013.**[4]

The District Court concluded that—even after making these changes to the affidavit—a reasonable juror could not conclude that probable cause did not exist. "Ignoring the sentence regarding [L.H.] leaving the residence after McCoy fell

---

[3] Struck out words in the reconstructed affidavit are alleged by McCoy to be unsupported by the statement L.H. gave Taylor, and underlined words are alleged by McCoy to have been improperly omitted by Taylor.

[4] *McCoy v. Taylor*, No. 2-18-cv-04123, 2019 WL 2548693, at *6 (E.D. Pa. June 20, 2019).

3

asleep, and including the inconsistencies regarding her injuries, pregnancy and sexual history, the totality of the facts demonstrate probable cause that McCoy raped [L.H.]."[5]

On appeal, McCoy contends that the District Court did not properly analyze the central question of probable cause because it failed to assess the materiality of the changes contained in the reconstructed affidavit to his claims. McCoy maintains that all the omissions and additions undercut his accuser's reliability. And this, he asserts, is material to whether a reasonable trier of fact could find a lack of probable cause.

However, the District Court properly cited authority that police officers are not required to make credibility determinations.[6] It also correctly noted that when—as here—there is an eyewitness identification of the accused, questions of reliability typically are important to the probable cause analysis only when "substantial" information is omitted that "'fatally undermines'" the accuser's reliability.[7] The District Court concluded that "exaggerated" claims of injury and "inconsistencies" on dates of a pregnancy do not rise to this level, observing in particular that L.H. did not allege the pregnancy resulted from the rape.[8] As for the

---

[5] *Id*.
[6] *Id.* at 5.
[7] *Id*. at 6 (quoting *Dempsey*, 834 F.3d at 477-78.
[8] *Id.*

information struck from the reconstructed affidavit, the District Court noted that the "crux of the allegations" was that McCoy raped and sexually assaulted L.H..[9] The deleted sentence referred only to events after the alleged attack, not the attack itself.[10]

Ultimately, the District Court ruled that none of the changes to Taylor's affidavit, individually or collectively, vitiated probable cause because of the significance of L.H.'s identification of McCoy and of her allegations that McCoy grabbed her and forced her to engage in sex with him against her will. These were central to the analysis. The District Court did not err.

Finally, McCoy makes much of the District Court stating at one point that "[t]he conflicting information provided by [L.H.] does not preclude a finding of probable cause."[11] He argues that it used the wrong standard to review this case. But the District Court held that "no reasonable jury could determine that the affidavit lacked probable cause."[12] It did not err.

For all of these reasons, we will affirm the order of the District Court.[13]

---

[9] *Id.*

[10] McCoy argues that the deleted sentence eliminated the basis for the false imprisonment charge and asserts the District Court erred by ignoring this. We disagree.

[11] *McCoy*, 2019 WL 2548693, at *6.

[12] *Id.* at *7.

[13] Taylor asserts qualified immunity, but the District Court did not rule on it.